**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANGEL MARTINEZ JERONIMO,**<br>　　　　**Petitioner,**<br><br>　　　　**v.**<br><br>**J.L. JAMISON, JOHN E. RIFE,**<br>**SECRETARY MARKWAYNE MULLIN,**<br>**TODD BLANCHE, U.S. DEPARTMENT**<br>**OF HOMELAND SECURITY,**<br>**EXECUTIVE OFFICE OF**<br>**IMMIGRATION REVIEW,**<br>　　　　**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO.  26-3529** |

**HODGE, J.**                                                                      **May 29, 2026**

## MEMORANDUM

Petitioner Angel Martinez Jeronimo ("Petitioner" or "Mr. Martinez Jeronimo") is another of the numerous individuals who, pursuant to the relatively new decision by the Bureau of Immigration Appeals ("BIA"), has been subjected to mandatory detention without the opportunity for an individualized hearing under the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2). BIA's interpretation of that section would permit it to treat an immigrant who was not inspected upon arrival in the country "as seeking admission" even if the person arrived in the country years ago. Such treatment results in detention without any hearing. This Court again joins with the hundreds of decisions rejecting BIA's analysis, and grants Mr. Martinez Jeronimo's petition for a writ of habeas corpus (ECF No. 1 (the "Petition")) and orders his immediate release.[1]

---

[1] The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

## I.      BACKGROUND[2]

Mr. Martinez Jeronimo, a native of Mexico, entered the United States at the southern border in or around 2008. (ECF No. 1 ¶ 17.) After entering the United States, Mr. Martinez Jeronimo settled in Upper Darby, Pennsylvania, where he has lived for over 15 years. (*Id.* ¶¶ 1, 18.) Mr. Martinez Jeronimo currently works with his family as a painter. (*Id.* ¶¶ 18, 19.) Respondents do not assert that Petitioner has a criminal history. On May 19, 2026, Mr. Martinez Jeronimo was taken into custody in his home by officers in the Department of Homeland Security ("DHS"). (*Id.* ¶¶ 2, 20.) He was initially detained at the Philadelphia Federal Detention Center ("FDC"), but has since been transferred to the Moshannon Valley Processing Center.[3] (*Id.* ¶ 21; ECF No. 4 at 5 n.4.)

## II.      LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III.      DISCUSSION

Respondents assert that the Petition should be denied because Mr. Martinez Jeronimo is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and his detention does not violate constitutional due process.

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Mr. Martinez Jeronimo filed his Petition in this Court on May 22, 2026, while he was detained at the Philadelphia FDC. Although Petitioner has since been transferred out of this district, this Court retains jurisdiction over the matter. *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 445–46 (3d Cir. 2021) ("When the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004)).

**A.   Mr. Martinez Jeronimo Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A)**

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, DHS issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. This policy was subsequently enshrined in a September 5, 2025 decision by the BIA, which took the position that all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Id.* at 297. Respondents assert that noncitizens like Petitioner who are already

3

present within the United States are "applicants for admission" within the language of Section 1225(b)(2)(A). (ECF No. 4 at 6–7.) However, as my colleagues have reasoned, if the Court accepts Respondents' argument that Section 1225(b)(2)(A) applies to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); *see also Cunha v. Freden*, No. 25-3141-pr, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) ("[T]he government's novel interpretation of the immigration statutes defies their plain text."). This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court.

### B.  Mr. Martinez Jeronimo's Detention Violates Due Process

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the

government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Mr. Martinez Jeronimo. In this instance, Mr. Martinez Jeronimo has a strong private interest in his personal liberty. The failure of the Government to afford him *any* individualized determination regarding whether he posed a danger or flight risk after living in this country for more than fifteen years, with no criminal record, poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes minimal administrative burden. Respondents have set forth no facts suggesting that Mr. Martinez Jeronimo poses a danger or flight risk. Therefore, the application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to Mr. Martinez Jeronimo's detention on May 19, 2026. Because that hearing did not occur, Petitioner should not now be in custody.[4]

## IV.    CONCLUSION

For the aforementioned reasons, Petitioner's detention without a bond hearing contradicts the INA and offends the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Mr. Martinez Jeronimo's Petition, orders his immediate release, permanently enjoins the Government from re-detaining him under Section 1225(b)(2)(A), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

**BY THE COURT:**

---

[4] In light of this Court's ruling that Petitioner's habeas petition is granted based on violation of the INA, 8 U.S.C. § 1226(a) (Claim I), and violation of the Fifth Amendment Right to Due Process (Claims III and IV), this Court declines to address Mr. Martinez Jeronimo's claim for relief pursuant to violation of the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* (Claim II).

/s/ Kelley B. Hodge

HODGE, KELLEY B., J.

6